# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREW C. MURPHY,
      Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
CH-0752-16-0160-I-1

DATE: February 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ray Wilkins, St. Louis, Missouri, for the appellant.

G.M. Jeff Keys, Esquire, St. Louis, Missouri, for the agency.

Michael E. Anfang, Esquire, Kansas City, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1     The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to vacate the administrative judge's findings concerning an ex parte communication, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant was employed as a Rating Veterans Service Representative with the agency's Veterans Benefit Administration. Initial Appeal File (IAF), Tab 1 at 1. On June 18, 2015, the agency proposed his removal based on a charge of falsifying Government records. IAF, Tab 7 at 8-11. The charge was based on 16 specifications in which the agency alleged that on various dates the appellant had improperly entered credit in the agency's automated standardized performance elements nationwide (ASPEN) system. *Id.* at 8-10. By letter dated December 9, 2015, the agency sustained 11 of the specifications and removed the appellant, effective December 23, 2015. *Id.* at 4-7.

¶3 The appellant filed a Board appeal. IAF, Tab 1. During the proceedings below, the appellant raised a claim that the agency denied him due process in connection with the removal action and the administrative judge allowed the parties to submit briefs on the due process issue. IAF, Tabs 19-20. The appellant

contended that the documents contained in the agency's evidence file in support of its removal action were so heavily redacted that he was denied a meaningful opportunity to respond to the charge. IAF, Tab 21 at 4. He further contended that the deciding official was provided with an unredacted version of the agency file. *Id.* In response, the agency did not dispute that the deciding official had received an unredacted version of the evidence file, but maintained that the redacted information, which included veterans' names and social security/claim numbers, was not material and was not relied upon by the deciding official in reaching her decision to remove the appellant. IAF, Tab 22 at 4-5.

¶4 Without holding the appellant's requested hearing, the administrative judge issued an initial decision reversing the agency's removal action. IAF, Tab 25, Initial Decision (ID). The administrative judge found that the appellant was not able to meaningfully rebut the specifications because the agency failed to identify the cases for which it alleged that he had improperly entered credit. ID at 9, 11. The administrative judge further found that deciding official's receipt of unredacted information in the materials relied upon that was not provided to the appellant violated the appellant's due process rights. ID at 11.

¶5 The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has opposed the agency's petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency has complied with the interim relief order.

¶6 On March 7, 2017, the appellant filed a pleading in which he appears to argue that the agency failed to comply with the interim relief order in the February 27, 2017 initial decision by not issuing him appropriate notification of his return to duty, not responding to certain questions he had about his reinstatement, and failing to rescind a July 15, 2015 memorandum barring him from agency premises in connection with his removal. PFR File, Tab 3 at 12, 19. The initial decision ordered the agency to provide the appellant interim relief,

effective as of the date of the decision, including effecting his appointment with pay and benefits. ID at 13. Here, with its petition for review, the agency provided a Standard Form 50 showing that it had effected the appellant's appointment to the position of Rating Veterans Service Representative as of February 27, 2017, the effective date of the initial decision. PFR File, Tab 1 at 18. Further, the appellant's own submission contains a letter from the agency dated March 3, 2017, referencing that he was reinstated on February 27, 2017, and that the agency had contacted him on February 28, 2017, to notify him that it expected him to report to work on March 1, 2017, but that he had failed to do so. PFR File, Tab 3 at 6. Accordingly, we reject the appellant's contention that the agency failed to comply with the interim relief order.

<u>The administrative judge properly found that the appellant was not afforded due process.</u>

¶7        Before taking an appealable action that deprives a tenured Federal employee of his property right in his employment, an agency must provide him with minimum due process of law. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 543-46 (1985). Due process entitles the employee to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. *Id.* at 546; *see* 5 U.S.C. § 7513(b). In determining whether these requirements have been met, the Board analyzes whether a notice of proposed removal, along with the supporting documentation attached thereto and contemporaneously provided to the appellant, afforded him sufficient notice of the charges against him to enable him to make a meaningful reply to the proposal. *Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶ 8 (2004). The Board also looks to whether new and material information was introduced by means of an ex parte communication to the deciding official, which would violate the due process guarantee of notice. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). A due process violation entitles an employee to a new and

constitutionally correct removal proceeding. *Ward v. U.S. Postal Service*, [634 F.3d 1274](#), 1279 (Fed. Cir. 2011).

¶8 Here, the agency's June 18, 2015 notice of proposed removal includes 16 unnumbered specifications which identify various dates between December 15, 2014, and February 27, 2015, on which it contends that the appellant improperly entered in the ASPEN system certain credit for work he performed. IAF, Tab 7 at 8-10. The specifications in the proposal, however, do not indicate to which veteran or case the credits pertained.[2] *Id.* Instead, the proposal notice informed the appellant that he could review the materials relied upon by the agency in support of its charge. *Id.* at 10. The agency's evidence file is confusing and is not indexed, arranged in chronological order, or tabbed to correspond to the specifications in the proposal notice. IAF, Tabs 7-9, 11-12. It also appears to have been supplemented on at least two occasions after the deciding official notified the appellant that he had reviewed additional information. IAF, Tab 11 at 7, Tab 12 at 118.

¶9 The appellant does not dispute that he received the documents contained in the agency's evidence file. Thus, the issue is whether such documents provided the appellant sufficient notice to allow him a meaningful opportunity to respond to the charge.[3] The administrative judge found that the documents were so

[2] The specifications also do not clearly explain why the credits entered by the appellant were improper by, for example, citing to agency policies that the agency contends the appellant violated. IAF, Tab 7 at 8-10.

[3] On review, the agency does not offer any argument concerning how the proposal notice and evidence file afforded the appellant a meaningful opportunity to respond. Rather, the agency asserts that the administrative judge should have held a hearing on the issue of whether the deciding official's consideration of the unredacted evidence file was a material ex parte communication that violated the appellant's due process rights. PFR File, Tab 1 at 9. We disagree. The redacted information is relevant because it would have allowed the appellant, as it did the deciding official, to discern which cases were referenced in each specification of the proposal notice. Thus, the primary issue is whether, despite the redacted nature of the documents, the appellant was afforded a meaningful opportunity to respond.

heavily redacted as to deprive the appellant of an opportunity to respond. ID at 9, 11. We agree. As the administrative judge found, the underlying records, which redacted the veterans' names and claim numbers, do not identify the cases for which the appellant allegedly took improper credit. ID at 7, IAF, Tabs 7-9, 11-12. It is also unclear which evidence pertains to which specification. Indeed, the appellant noted in numerous written responses that the redacted documents prevented him from providing a meaningful response. IAF, Tab 10 at 7, 71; Tab 12 at 107, 112, 116; Tab 13 at 7. In particular, he noted that the redacted documents prevented him from reflecting on what actions he took on each veteran's claims because he could not recall the ASPEN action numbers for each case. IAF, Tab 12 at 112. The appellant also indicated that, because the agency's specifications were unclear, it was possible, if not likely, that he used the wrong documents to respond to the specifications. IAF, Tab 10 at 7.

¶10    As the administrative judge noted, the agency appears to have provided the appellant with a revised evidence file in which it identified each veteran by a letter and specified certain pieces of evidence that corresponded to each lettered veteran. ID at 8-9, IAF, Tab 7 at 47-48. However, this too failed to provide the appellant with sufficient notice because the supporting documents remained redacted, it is not clear which of the 14 letters assigned to the veterans pertained to which of the 16 unnumbered specifications in the proposal notice, and the evidence is not otherwise clearly organized such that one can discern which evidence pertains to which specification. For example, the supporting evidence for Veteran D as identified in the index includes ASPEN actions dated February 18 and March 3, 2015. IAF, Tab 7 at 47. This appears to correspond to the dates in the fifth specification in the proposal notice. *Id.* at 8. However, one would presume Veteran D would correspond to the fourth specification as D is the fourth letter of the alphabet. Further, the index only specified certain evidence that corresponded to each veteran, not all of the evidence. *Id.* at 47-48. The specified evidence includes only ASPEN actions, or screen shots showing the

appellant's actions as described in the proposal notice. *Id.* Thus, such evidence provided no more information than what was provided in the proposal notice and similarly failed to provide any information that would have informed the appellant of the details of the specific case to which the agency was referring in each specification.

¶11 Based on the foregoing, we agree with the administrative judge that the appellant was denied a meaningful opportunity to respond to the agency's charge because the agency's supporting documents denied him the ability to determine whether he had, in fact, performed any work on the pertinent case and/or whether he entered the appropriate credit for the work done on the case. ID at 8. In light of this finding, we need not reach the issue of whether the deciding official's consideration of the unredacted evidence file amounted to an ex parte communication. Accordingly, we vacate the administrative judge's findings to the extent that he found a due process violation based on an ex parte communication.

## ORDER

¶12 We ORDER the agency to cancel the appellant's removal and to restore the appellant effective December 23, 2015. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶13 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due,

and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶14     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶15     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶16     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees

and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.